UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DRILLMAR OIL & GAS, INC. | § | CASE NO. 09-38737 |
| | § | Chapter 11 |
| DEBTOR | § | |

# DEBTOR'S MOTION FOR INTERIM AND FINAL ORDER APPROVING DEBTOR-IN-POSSESSION FINANCING

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 15 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**There will be a hearing on the interim approval of use of Debtor-in-Possession financing on November 30, 2009 at 4 o'clock p.m., in courtroom 404, at the Federal Courthouse, 515 Rusk, Houston, Texas.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Drillmar Oil & Gas, Inc., Debtor, and files this Motion for Interim and Final Order Approving Debtor-in-Possession Financing and in support thereof would respectfully show the Court as follows:

1.  On November 17, 2009, Debtor commenced this case by filing a voluntary petition.

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1334(a) and (b).

## RELIEF SOUGHT

3. The Debtor seeks to obtain post petition credit from Juno Holdings, Ltd. ("Lender"). The proposed Credit Agreement is attached as Exhibit "A". In summary, Lender commits to a revolving loan for up to $500,000, to be used by the Debtor to meet its operating and capital expenses during the Chapter 11 proceeding. The Debtor is required to pay interest on all principal balances at a rate of 12% per annum. The Debtor proposes to provide Lender: (1) a first lien on all the Debtor's unencumbered assets, not including the Estate's causes of action, if any, existing under §544, 545, 547, 548, 549, or 553(b), but inclusive of all accounts, contract rights, equipment, and general intangibles; (2) a junior lien on all assets of the Borrower currently pledged as security to Capital One, N.A. pursuant to the Credit Agreement dated June 24, 2008, or otherwise encumbered by statutory or other liens; and (3) to the extent that the proceeds of any drawdown are used to purchase equipment or services required to restore or increase production from any existing wells, and such equipment or services successfully restores or increases production from the well, then a first priority lien for the amount paid for such equipment and services, which lien shall have priority over all pre-existing liens. Until paid in full, the Debtor shall be required to make regular payments of interest to Lender. No origination fee will be charged, however, Lender shall receive a fee of 3% on any drawdown under the revolver.

4. Obtaining post petition credit is essential to the Debtor's ability to reorganize. Title 11 U.S.C. §364(c) authorizes the Debtor, with Court approval, to obtain credit and to grant liens upon property of the estate when the Debtor is unable to obtain credit on either an unsecured or administrative claim basis. The Debtor is not able to obtain credit on either the basis of an unsecured or administrative claim.

**5.**     The Debtor anticipates purchasing equipment and services that are necessary to either restore or increase production to existing wells.  For example, the two Patman wells are presently shut-in because two pumps that provide artificial lift were removed.  The Debtor expects to pay $81,000 to purchase and install the pumps, resulting in the restoration of production of approximately 50 barrels of oil per day.  As Capital One, N.A., presently has a first lien mortgage on the leases, Capital One's collateral value will be improved by the Debtor's action.  Title 11 U.S.C. §506(c) provides that the Debtor may recover from a secured creditor the reasonable, necessary costs and expenses of preserving collateral to the extent such benefit the secured creditor.  Title 11 U.S.C. §364(d)(1) similarly permits the Debtor to obtain senior financing to existing liens when adequate protection is provided to the subordinated lien holders.  As the senior lien created will only prime the existing lien holders to the extent a §506 benefit is conferred, such subordinated lien holders are adequately protected.

### INTERIM RELIEF SOUGHT

6.     There is an immediate need to fund a capital expense of approximately $81,000 prior to the expiration of the 15 days notice required by Rule 4001 and the conduct of a final hearing so as to avoid an immediate and irreparable harm to the Debtor's assets.  The Debtor has drilled and completed two successful wells known as the C. Patman #A-1 and #B-1 in Jackson County, Texas.  The wells are currently off production because of a creditor dispute relating to the rental of two pumps provided by Central Hydraulic, Inc.  The pumps create artificial lift that is essential to production, but were removed after the Debtor's failure to make rental payments.  No reasonable alternative exists to obtain the pumps from another source.  Central Hydraulics will sell the two pumps to the Debtor for approximately $81,000.  The wells have been shut-in since mid- October, 2009.  Prior to being shut-in the wells produced an average of 50 barrels of

oil a day, which to the Debtors' interest produced approximately $1125 per day (assuming $75/Bbl).  Not only is the Debtor not realizing this revenue, but also any prolonged closure of the wells risks damage to the reservoir's ability to produce.  In addition, the Debtor requires $100,000 to meet its immediate and existing operating and administrative expenses.  Therefore, on an interim basis, prior to a final hearing, the Debtor seeks immediate authority to draw down $181,000 pursuant to the credit agreement.

WHEREFORE PREMISES CONSIDERED, Drillmar Oil & Gas, Inc. respectfully prays for the Court to authorize the Debtor's interim and final obtaining of credit on the terms set forth in the credit agreement; and for all further relief to which it has demonstrated its entitlement.

Respectfully submitted,

By: Mark C. Harwell
    **Mark C. Harwell**
    Attorney-in-Charge
    State Bar No. 09191700
    Federal Bar No. 0772
    **COTHAM, HARWELL & EVANS,**
    **A PROFESSIONAL CORPORATION**
    1616 S. Voss, Suite 200
    Houston, Texas  77057
    Telephone:   (713) 647-7511
    Facsimile:   (713) 647-7512

**Attorneys for Drillmar Oil & Gas, Inc., Debtor**

4

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing motion, has been served upon (1) all parties requesting notice, (2) the 20 largest unsecured creditors, (3) all committees appointed and their attorneys, (4) all parties with any interest in the collateral and (5) the U.S. Trustee, either by first class, prepaid United States mail or by electronic distribution on this the 23rd day of November, 2009, as listed on the attached Service List.

                                                                                     Mark C. Harwell
                                                                                   **Mark C. Harwell**